UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-194-FDW

| MICHAEL ODELL FAIR, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| BLAIR MACFARLAND PETTIS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff has moved to proceed *in forma pauperis*. See (Doc. No. 5).

## I. BACKGROUND

*Pro se* Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Lincoln County Detention Center. See (Doc. No. 1-1). The sole Defendant is Plaintiff's attorney in a several North Carolina criminal cases, Blair MacFarland Pettis.[1] Plaintiff alleges that Mr. Pettis has provided him ineffective assistance of counsel since September 2016 and that Mr. Blair's actions, including failure to file motions and to communicate adequately, have caused him stress, duress, trauma, and jeopardized Plaintiff's right to a speedy trial. Plaintiff seeks a jury trial and $450,000 for pain and suffering.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or

---

[1] It is unclear whether Mr. Pettis was working as an Assistant Public Defender or was appointed to represent Plaintiff as private counsel. See (Doc. No. 1 at 1) (Plaintiff describing Mr. Pettis as "Attorney Public Defender").

1

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief.

2

Id.

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see also DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche, 191 F.3d at 506.

"Private lawyers do not act "under color of state law" merely by making use of the state's court system." Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) (quoting Dennis v. Sparks, 449

U.S. 24, 28 (1980)). "[A] public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

As Mr. Pettis was not an agent for the government when he was acting as Plaintiff's defense lawyer, Plaintiff's claims against him are not cognizable in this § 1983 action and must be dismissed.[2]

The relief that Plaintiff seeks is also barred. The plain text of the Prison Litigation Reform Act ("PLRA") bars an inmate from seeking damages for mental or emotional injury suffered while in custody absent a showing of physical injury or a "sexual act." 42 U.S.C. § 1997e(e). See Perkins v. Dewberry, 139 Fed. Appx. 599 (4th Cir. 2005) (unpublished) (stating that "*de minimis* physical injuries cannot support a claim for mental or emotional injury."); Mayfield v. Fleming, 32 Fed. Appx. 116 (4th Cir. 2002) (unpublished) (stating that "the district court correctly concluded that [plaintiff's] claim for money damages is barred because he can show no physical injury.").

The only relief that Plaintiff seeks is damages for his pain and suffering. However, he has alleged no physical injury and damages in this action are therefore precluded by § 1997e(e).[3]

**IV.   CONCLUSION**

Plaintiff is unable to proceed against the sole Defendant or obtain the relief he seeks in the Complaint. Therefore, the Complaint will be dismissed and this case will be closed.

**IT IS THEREFORE ORDERED** that:

1. The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and 42 U.S.C.

---

[2] The appropriate means of presenting claims of ineffective assistance of counsel with regards to his state convictions would be via a post-conviction motion. See, e.g., 28 U.S.C. § 2254. Such actions carry time limitations and other procedural requirements.

[3] The Court makes no representations about the availability of damages in the North Carolina courts.

§ 1997e(e).

2. The Clerk of Court is directed to enter and Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

3. The Clerk of Court is instructed to close this case.

Signed: January 17, 2019

Frank D. Whitney
Chief United States District Judge